*James Tillinghast & William H. Clapp*, for complainants.

*B. N. & S. S. Lapham*, for respondents.

---

PATRICK McLAUGHLIN *et ux. vs.* JAMES HANLEY *et als.*

Gen. Stat. R. I. cap. 165, § 15, allows the holder of a mortgage to purchase the mortgaged estate at a public auction under the powers given in the instrument, provided that a certain prescribed notice thereof be given to the mortgagor:

*Held*, that this notice must be given to any one holding the equity of redemption under or through the mortgagor to make such purchase valid.

BILL IN EQUITY for an account and to redeem.

The facts, as they appear from the pleadings, and so far as they bear upon the decision of the court, are: Francis McLaughlin and James McLaughlin mortgaged certain realty in Providence whereof they were tenants in common in equal shares, to James Hanley, March 1, 1873. James McLaughlin deeded to James Hanley his interest in the mortgaged realty, August 9, 1876. Ann McLaughlin sued out a writ from this court against Francis McLaughlin, and served it by attaching his interest in the mortgaged realty, September 5, 1874. She obtained final judgment at the March Term, 1877, for the county of Providence, and levied her execution on the attached realty, April 18, 1877. She bought in the realty attached, and received a deed from the sheriff dated July 23, 1877.

James Hanley made an assignment of the mortgage given to him by Francis and James McLaughlin to John B. Foley, by deed dated May 1, 1877. This assignment was not acknowledged, and was recorded June 21, 1877.

John B. Foley sold the mortgaged realty under the powers given in the mortgage, June 4, 1877. Bryan Kiernan being the purchaser.

Bryan Kiernan conveyed the mortgaged premises purchased by him to James Hanley, by deed dated June 8, 1877.

Thereupon, Ann McLaughlin, with her husband, Patrick, filed the bill in this case against Hanley, Foley, Kiernan, and the mortgagors, praying for an account from Hanley, that she might be allowed to redeem the undivided half of the mortgaged realty which formerly belonged to Francis McLaughlin.

*February* 12, 1878.   POTTER, J.   In this case the mortgagee assigned to one Foley, who sold June 4, 1877, under the powers in the mortgage, to one Kiernan, who sold back to the mortgagee.   It is admitted that in this sale Kiernan acted as the agent of Hanley, the mortgagee and respondent.

The written notice by the holder of the mortgage to the mortgagor, of an intention to bid at the mortgage sale, required by Gen. Stat. R. I. cap. 165, § 15, was given to Francis McLaughlin, the mortgagor, and to no one else.   But before this, Ann McLaughlin had, on September 5, 1874, attached the mortgaged land, and had, on April 18, 1877, levied her execution upon it. The execution sale was advertised for July 21, 1877, when it actually took place, and the land was bought by and conveyed to the said Ann.   No notice under Gen. Stat. R. I. cap. 165, § 15, was given to her, although it could have been ascertained by inquiry at the office of the Recorder of Deeds in Providence that she had attached the land, and levied her execution upon it. Against such a sale, she, not having been notified, has still a right to redeem.

We think that the reasonable construction is, that the notice is to be given to the mortgagor or any one claiming under or through him.   The legislature, it is true, might have abolished the equitable rule altogether.   But it has not done so, and we do not think that it intended that a notice to the mortgagor only should affect any one who had acquired any right under him. The complainants are therefore entitled to relief.

*Decree accordingly.*

*Charles E. Gorman*, for complainants.

*James Tillinghast & John M. Brennan*, for respondents.